IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JIVE SOFTWARE, INC.**, a foreign business corporation**,**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**PARKVIEW HEALTH SYSTEM, INC.**, a foreign nonprofit corporation**,**<br><br>　　　　　Defendant. | Case No. 3:18-cv-101-SI<br><br>**OPINION AND ORDER** |

Matthew D. Colley and Michael B. Merchant, BLACK HELTERLINE, LLP, 1900 Fox Tower, 805 SW Broadway, Portland, OR 97205. Of Attorneys for Plaintiff.

Pilar C. French and Brian T. Kiolbasa, LANE POWELL, PC, 601 SW Second Avenue, Suite 2100, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

　　　　On October 20, 2017, Plaintiff Jive Software, Inc. ("Jive") filed a complaint seeking

declaratory judgment against Defendant Parkview Health System, Inc. ("Parkview") in

Multnomah County Circuit Court. On December 18, 2017, Jive formally served process on

Parkview. Parkview timely removed the action to federal court on January 17, 2018. Before the

Court is Parkview's motion to dismiss Jive's complaint. For the reasons discussed below, the motion is granted.

## BACKGROUND

Parkview is an Indiana nonprofit corporation headquartered in Fort Wayne, Indiana. It provides healthcare services in northeast Indiana and northwest Ohio through 10,000 employees located in those regions. Jive is a software service provider incorporated in Delaware and headquartered in Portland, Oregon. On June 29, 2015, the parties entered into an agreement under which Jive would provide a collaborative workflow platform that would allow Parkview employees and patients at Parkview's Indiana and Ohio facilities to share information and documents with each other in various formats. Parkview was to pay Jive for its product and support services in annual installments of $698,000. Shortly after Parkview began using the Jive platform, however, problems arose with the platform's compatibility with Parkview's existing systems. After seeking support from Jive, upgrading the platform, and purchasing additional products in order to solve the platform's shortcomings, Parkview notified Jive in a letter dated July 7, 2017 that Parkview was terminating all contracts with Jive. Shortly thereafter, Parkview's accounts payable department inadvertently paid Jive's third-year installment payment of $698,000, despite Parkview having cancelled the agreement after only two years.

In a letter dated October 9, 2017, Parkview's legal counsel demanded that Jive return the $698,000. That letter stated:

> Parkview demands the return of $698,000 immediately. * * * **You must send Parkview a payment in the amount of $698,000 within 21 days of your receipt of this letter to avoid litigation and additional damages for Jive's failure to perform its obligations to Parkview.**
>
> If Parkview does not receive this amount within 21 days, Parkview has instructed us to pursue in court Parkview's full range of legal remedies.

PAGE 2 – OPINION AND ORDER

ECF 11-3 (emphasis in original). Rather than return the $698,000, Jive filed the present action (the "Oregon Action") in Multnomah County Circuit Court on October 20, 2017, seeking a declaratory judgment that it was entitled to keep the $698,000 because Parkview had not provided Jive an opportunity to cure. Jive engaged in settlement negotiations with Parkview after filing the Oregon Action, but no resolution was reached. Although Parkview's legal counsel had actual notice of the Oregon Action shortly after it was filed, Jive did not formally serve process on Parkview's agent until December 18, 2017, after settlement negotiations had fallen through. Four days later, on December 14, 2017, Parkview filed an action against Jive in Indiana state court (the "Indiana Action"), asserting claims for breach of contract and unjust enrichment. Parkview now moves to dismiss the Oregon Action.

## DISCUSSION

Parkview argues that this action should be dismissed for three alternative and independent reasons: (1) this Court lacks personal jurisdiction over Parkview; (2) this Court should abstain from hearing this action because it is an anticipatory suit and there are parallel proceedings pending in Indiana; and (3) Oregon is an improper venue under 28 U.S.C. § 1391. Because the Court finds that the Oregon Action is an anticipatory suit that should be dismissed in light of the pending Indiana Action, the Court finds it unnecessary to consider whether it has personal jurisdiction over Parkview or whether venue is proper in Oregon.

### A. Abstention

"[D]istrict courts have substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Among the factors that district courts consider when determining whether to exercise jurisdiction over a declaratory judgment action is whether a litigant has filed the declaratory action as a

PAGE 3 – OPINION AND ORDER

means of forum shopping. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991) (citing *Brillhart*, 316 U.S. at 495).

In exercising this broad discretion, district courts typically begin with the "first-to-file" rule and generally choose to hear an action if it is the first filed of two substantially similar actions pending in different courts, but transfer, stay, or dismiss the action if it is the more recently filed. *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). Application of the first-to-file rule focuses on three factors: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See, e.g., Alltrade v. Uniweld Prod. Co.*, 946 F.2d 622, 625 (1991). The parties do not dispute that all three factors favor application of the first-to-file rule. The rule is flexible, however, and will not apply if a court determines that equitable interests counsel otherwise. Typical exceptions to the rule include "bad faith, anticipatory suit, and forum shopping." *Id.* at 628; *see also Daimler Trucks N. Am. LLC v. Goodyear Tire & Rubber Co.*, 2016 WL 6246356, at *2 (D. Or. Oct. 25, 2016); *City Antiques, Inc. v. Planned Furniture Promotions,* 2014 WL 3955216 at *3 (D. Or. Aug. 12, 2014).

Parkview argues that the Oregon action is an anticipatory suit, and that Jive filed suit in Oregon only after having received notice that Parkview intended to sue Jive. Another court in this District has described the anticipatory suit exception to the first-to-file rule as follows:

> The anticipatory suit exception is grounded in equitable principles and has a very specific meaning in this context. The exception does not apply simply because a party anticipates litigation and sues first to obtain its choice of forum. Rather, the exception applies when a would-be plaintiff is "deprived of its traditional choice of forum" because the other party lacked a "pre-existing motive for going to court" and filed suit based on "specific, concrete indications that a suit ... was imminent." *See Inherent.com v. Martindale–Hubbell*, 420 F. Supp. 2d 1093, 1097–98 (N.D. Cal. 2006). The anticipatory suit exception is most often at issue when a plaintiff sues for declaratory relief. *See Id.*

*Adidas Am., Inc. v. Herbalife Int'l, Inc.*, 2010 WL 596584, at *2 (D. Or. Feb. 12, 2010).

On October 9, 2017, Parkview sent a letter to Jive demanding that Jive return Parkview's last payment in order "to avoid litigation and additional damages for Jive's failure to perform its obligations to Parkview." The letter noted that if the payment was not returned within 21 days of receipt of the letter, Parkview's counsel would "pursue in court Parkview's full range of legal remedies." A letter containing such explicit threats of litigation is a specific, concrete indication that a suit is imminent. Eleven days later, October 20, 2017, Jive filed the present lawsuit seeking declaratory judgment relief. There is no indication in the parties' declarations, and Jive does not argue, that Jive had a motive for going to court that pre-existed Parkview's October 9, 2017 demand letter. *Cf. IBC Mfg. Co. v. Berkshire Hathaway Spec. Ins. Co.*, 2016 WL 4522665 (D. Or. Aug. 29, 2016) (declining to depart from the first to file rule where there was no indication that the earlier-filed action was an anticipatory suit because the defendant to the first action had not notified the plaintiff to the first action that it intended to file suit, and the first action was filed in that defendant's home forum).

Jive does not explicitly argue that the Oregon Action is not anticipatory.[1] Jive argues, rather, that this Court should not exercise its discretion to dismiss this action under *Wilton* because Jive filed the action in Oregon state court, not federal court, and it was Parkview that removed the action to federal court, thus making available the argument that this Court should

---

[1] Jive instead argues that it was Parkview, and not Jive, that engaged in forum shopping by filing suit in Indiana. Jive supports this argument by contesting Parkview's suggestion that Jive remained silent about the Oregon Action and failed to effect service on Parkview for two months. Whether Parkview was aware of the Oregon Action when it filed the Indiana Action is not relevant to the anticipatory suit analysis, however, which is concerned only with the plaintiff's motive for filing the suit in the first place. The equitable principle underlying the anticipatory suit exception to the first-to-file rule is that the proper plaintiff to a controversy *should* have its choice of venue, and that the proper plaintiff is deprived of that traditional choice by the would-be defendant's anticipatory filing. Because there is evidence that Jive had no pre-existing motive for going to court, but Parkview did, Parkview is the proper plaintiff in this case and its filing suit in Indiana in order to secure its preferred venue is permissible.

exercise its discretion not to hear the case. Parkview's removal to federal court and motion to dismiss due to the pending Indiana Action, Jive argues, is impermissible forum shopping of the sort *Wilton* aims to prevent. As a preliminary matter, removal to federal court is not a disfavored form of forum shopping, but rather a statutorily sanctioned procedural mechanism that was available to Parkview only because Jive filed suit in state court in Oregon, and not Indiana where Parkview would be at home.[2] Further, even given district courts' broad discretion to dismiss or stay a declaratory judgment action under *Wilton*, district courts still generally follow the first-to-file rule. Thus, defendants subject to a state court suit will generally not be permitted to forum shop by filing an identical subsequent suit in their preferred forum, removing the original state suit to federal court and moving to dismiss under *Wilton* as Jive suggests. In the absence of an equitable exception to the first-to-file rule, the original suit will be heard in the venue where it was filed and the subsequent suit likely stayed or dismissed. In this case, however, there is

---

[2] In *The C. Fink Family Trust v. American General Life Insurance Co.*, an unpublished out-of-circuit order, a federal district court in New York declined to hear a declaratory judgment action that had been removed from New York state court, because a nearly identical action was already pending in New Jersey state court. 2011 WL 1453793 (S.D.N.Y. Apr. 7, 2011). The court in *Fink* rejected the notion that *Brillhart* abstention did not apply because the action had been originally filed in state court, noting that after a case is in federal court, the Declaratory Judgment Act and abstention doctrine apply because they are procedural in nature. *Id.* at *3. Jive argues that *Fink* supports its argument that a latter filed case ought to be dismissed to allow the original plaintiff its choice of forum. *Fink*, however, did not involve an anticipatory suit and thus provides little support to Jive's position. There is also other out-of-circuit precedent for federal court abstention from a declaratory judgment action that was removed from state court. In *Chicago Insurance Company v. Holzer*, a federal district court dismissed a declaratory judgment action that had been removed from New York state court after finding that the plaintiff insurance company had filed suit in New York immediately following notice that the defendant was likely to file suit in New Mexico. 2000 WL 777907 at *4 (S.D.N.Y June 16, 2000). The ruling was made without comment on the fact that the action had been removed from state court, but closely mirrors the facts of this case.

compelling evidence that Jive's Oregon Action is an anticipatory suit. Therefore, the first-to-file rule does not apply and dismissal is proper under *Wilton*.

## CONCLUSION

Defendant's motion to dismiss is GRANTED. Plaintiff's complaint (ECF 1) is dismissed.

**IT IS SO ORDERED**.

DATED this 29th day of March, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge